UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI ANN RIOS,

       Plaintiff,                         Civil Action No.
                                              10-CV-14443

vs.

                                              HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**<u>OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OVERRULING DEFENDANT'S OBJECTIONS, AND REMANDING FOR CONSIDERATION OF NEW AND MATERIAL EVIDENCE</u>**

### A. INTRODUCTION

This is a social security case. Plaintiff Lori Ann Rios appeals from the final determination of the Commissioner of Social Security that he is not disabled and therefore not entitled to disability insurance benefits. The matter was referred to Magistrate Judge Charles E. Binder for all pretrial proceedings. The parties have filed cross motions for summary judgment. Magistrate Judge Binder issued a report and recommendation ("R&R"), recommending that the case be remanded for consideration of new and material evidence pursuant to sentence six, 42 U.S.C. § 405(g). The Commissioner has filed objections to the R&R. The Court reviews <u>de novo</u> those portions of the R&R to which a specific objection has been made. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons that follow, the Court will accept the R&R, grant in part Plaintiff's motion for summary judgment, deny the Commissioner's motion for summary judgment, and remand the matter pursuant to § 405(g), sentence six.

The Magistrate Judge recommends that this matter be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of evidence that did not come into existence until after the April 16, 2010 decision of the Administrative Law Judge ("ALJ").[1] The additional evidence in the present case comprises the results of a discogram performed on May 21, 2010, revealing an annular tear at L5-S1, and evidence pertaining to surgery performed on Plaintiff in August 2010.

In his R&R, the Magistrate Judge concludes that Plaintiff has successfully demonstrated that a sentence six remand is appropriate here; that is, the Magistrate Judge found that the additional evidence is new and material, and that good cause supports its prior absence. In its objections, the Commissioner challenges only the Magistrate Judge's finding that the new evidence is material.

The Commissioner argues that the additional evidence is not material for two reasons. The Commissioner first contends that the additional evidence could reflect a deterioration of Plaintiff's condition occurring after the ALJ's decision. For example, in Oliver v. Sec. of Health & Human Servs., 804 F.2d 964, 966 (6th Cir. 1986), the Sixth Circuit found that new evidence coming into existence over a year after the ALJ's decision was not material because it was not probative on the question of Plaintiff's condition at the time of the ALJ's decision. See also Sizemore v. Sec. of Health & Human Servs., 865 F.2d 709, 712 (6th Cir. 1988) (citing Oliver for the proposition that "[r]eviewing courts have declined to remand disability claims for reevaluation in light of medical evidence of a deteriorated condition").

---

[1] The sixth sentence of § 405(g) authorizes courts to remand cases so that additional evidence can be taken before the Commissioner, provided that the evidence is "new" and "material," and provided that there is good cause for the failure to incorporate such evidence into the record in the prior proceeding.

The ALJ issued her decision in the present case on April 16, 2010.  On November 18, 2009, four months earlier, Plaintiff's treating physician, Dr. John A. Szajenko, M.D., had written in a treatment note that "[o]ne could certainly argue maybe some early degenerative disc changes at . . . L5-S1."  Tr. 357.  On April 12, 2010, just days before the ALJ's decision, Dr. Mark Adams, M.D., another of Plaintiff's treating physicians, noted in a treatment note "a suggestion of something going on at the L5-S1 disc."  Tr. 367.  And on May 21, 2010, about a month after the ALJ's decision, a discogram showed an annular tear at the L5-S1 disc level.  Tr. 371-372.

In light of this chronology of events, the Commissioner urges the Court to invoke <u>Oliver</u> and decline a sentence six remand, because the additional evidence asserted here – the discogram and the subsequent surgery – could be probative of a deterioration of Plaintiff's condition <u>since</u> the ALJ's decision, and not of Plaintiff's condition <u>at the time of</u> the ALJ's decision, as required to satisfy the materiality element of the sentence six framework.  <u>See</u> Objections at 3 ("Given that there was only a suggestion of an abnormality the month before the ALJ's decision, it is reasonable to conclude that the annular tear could have developed during the month after the ALJ's decision").

The Court acknowledges the Commissioner's argument, but ultimately finds <u>Oliver</u> distinguishable.  Due to the time that had elapsed between the ALJ's decision and the origination of the additional evidence at issue in <u>Oliver</u> (well over a year), the Sixth Circuit concluded that the additional evidence proffered in that case did "not reveal further information about the claimant's ability to perform light or sedentary work" <u>at the time of the ALJ's decision</u>.  804 F.2d at 966.  The Court cannot reach the same conclusion on the facts here, as the additional evidence proffered by Plaintiff originated either slightly before or slightly after the ALJ's decision.  In other words, because the additional evidence offered here relates to Plaintiff's

3

condition right around the time of the ALJ's decision, the Court cannot conclude that such evidence is probative only of Plaintiff's condition after the ALJ's decision.

The Commissioner's second argument is that the additional evidence – even if probative of Plaintiff's condition at the time of the ALJ's decision – is not material because there is no reasonable probability that it would have altered the ALJ's ultimate decision that Plaintiff's was not disabled. See Sizemore, 865 F.2d at 711 ("[i]n order for the claimant to satisfy this burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence"). Plaintiff argues that the discogram would provide objective evidence in support of her disability position, evidence that the ALJ determined in her decision was lacking. See Tr. 49 (relying "largely" on Dr. Szajenko's treatment notes, which encompass the results of the objective medical tests performed on Plaintiff). Under the circumstances, the Court cannot conclude that the ALJ would have reached the same conclusion if presented with the additional evidence proffered by Plaintiff.

For all these reasons, it is ORDERED as follows:

(1) The Magistrate Judge's R&R of June 13, 2011, is accepted and adopted as the findings and conclusions of the Court;

(2) The Commissioner's objections are overruled;

(3) Plaintiff's motion for summary judgment [docket entry 7] is granted in part as follows: the case is remanded pursuant to sentence six, 42 U.S.C. § 405(g);

(4) The Commissioner's motion for summary judgment [docket entry 10] is denied;

(5) Although this is a pre-judgment remand, see Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991), the Clerk of Court shall administratively close the case pending the

Commissioner's review of additional evidence.

Dated: July 8, 2011         s/Mark A. Goldsmith
    Flint, Michigan        MARK A. GOLDSMITH
                       United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 8, 2011.

                       s/Deborah J. Goltz
                       DEBORAH J. GOLTZ
                       Case Manager