UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI ANN RIOS,

          CIVIL NO. 10-CV-14443

 *Plaintiff*,

v.         DISTRICT JUDGE MARK A. GOLDSMITH
          MAGISTRATE JUDGE CHARLES BINDER

COMMISSIONER OF
SOCIAL SECURITY,

 *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION SEEKING AN ATTORNEY FEE
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**
(Doc. 16)

**I. RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion Seeking an Attorney Fee Pursuant to the Equal Access to Justice Act be **DENIED** as premature.

**II. REPORT**

 **A. Introduction**

Pursuant to an Order of Reference from United States District Judge Mark Goldsmith under 28 U.S.C. § 636(b)(1)(B), pending is Plaintiff's Motion Seeking an Attorney Fee Pursuant to the Equal Access to Justice Act (hereafter "EAJA"), 28 U.S.C. § 2412.

Attorney Norton Cohen has represented Plaintiff throughout the pendency of this case. Plaintiff's counsel filed the case in November 2010, seeking judicial review of a decision by the Defendant Commissioner denying Plaintiff's claim for benefits. The case was referred to this magistrate judge for a report and recommendation. (Doc. 3.) After review of the record and cross

motions for summary judgment, on June 13, 2011, I recommended that the Plaintiff's motion be granted and the case be remanded to the Commissioner under sentence six of 42 U.S.C. § 405(g). (Doc. 12.) On July 8, 2011, Judge Goldsmith issued an opinion and order adopting the recommendation and remanding the case to the Commissioner. (Doc. 15.)

The instant motion was filed July 28, 2011. (Doc. 16.) The motion papers indicate that Plaintiff seeks $3,556.85 in attorney fees. The Defendant Commissioner filed a response opposing the motion. (Doc. 17.) Accordingly, the motion is ready for report and recommendation.

**B.     EAJA Requirements**

Three conditions must be met in order to recover attorney fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there must be no special circumstances which would warrant a denial of fees. *Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

With regard to the first condition, Section 2412 of the EAJA provides that a "party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . ." 28 U.S.C. § 2412(d)(1)(B). In this circuit, the time for filing begins to run only when the underlying judgment has become final; i.e., 60 days after judgment is entered, providing that no notice of appeal or other motion under Rules 59 or 60 of the Federal Rules of Civil Procedure has been filed in the meantime. *Najor v. Sec'y of Health & Human Servs.*, 675 F. Supp. 379 (E.D. Mich. 1987) (citing *Gidcumb v. Sec'y of Health & Human Servs.*, 650 F. Supp. 96, 100 (W.D. Ky. 1986)).

### C. Timeliness

As mentioned, the Commissioner argues that counsel for Plaintiff fails to meet the first of the EAJA's jurisdictional requirements for the reason that since the remand ordered was under sentence six, no final judgment has yet entered. In *Melkonyan v. Sullivan*, 501 U.S. 89, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991), the Court held that sentence six allows the district court to remand in light of additional evidence without making any substantive ruling as to the merits of the Commissioner's decision, but only if a claimant can show good cause for failing to present the evidence earlier. *Id.* at 100. As a result, no final judgment is entered in a sentence six remand. The Government correctly points out that Judge Goldsmith, citing *Melkonyan*, explicitly characterized this as "a pre-judgment remand[.]" (Doc. 15 at 4.) This is confirmed by a review of the Court's docket, which shows that no final judgment has yet entered. I therefore suggest that the Commissioner is correct and that this motion must be denied as premature.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise

others, will not preserve all the objections a party may have to this report and recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                  s/ Charles E Binder
                                                  CHARLES E. BINDER
Dated: October 5, 2011                     United States Magistrate Judge

### **CERTIFICATION**

      I hereby certify that this Report and Recommendation was electronically filed this date, and electronically served on Norton Cohen, Andrew Lievense, and served on District Judge Goldsmith in the traditional manner.

Date: October 5, 2011         By     s/*Jean L. Broucek*
                                          Case Manager to Magistrate Judge Binder