UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI ANN RIOS,

    *Plaintiff*,

v.                                    CASE NO. 10-CV-14443

COMMISSIONER OF             DISTRICT JUDGE MARK A. GOLDSMITH
SOCIAL SECURITY,              MAGISTRATE JUDGE PATRICIA T. MORRIS

    *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
MOTION FOR ENTRY OF JUDGMENT (Doc. 22)**

## I.    RECOMMENDATION

For the reasons set forth below, I recommend that the Commissioner's motion for entry of final judgment (Doc. 22) be **GRANTED**.

## II.    REPORT

### A.    Procedural History

On November 8, 2010, Plaintiff Lori Ann Rios filed for judicial review of an unfavorable decision rendered by Defendant, Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for a period of disability, disability insurance benefits, and supplement security income. (Doc. 1). The parties filed cross motions for summary judgment (Docs. 7, 10), and the matter was referred (Doc. 3) to my predecessor, Magistrate Judge Charles Binder, for a report and recommendation. On June 13, 2011, Magistrate Judge Binder recommended that Plaintiff's motion for summary judgment be granted, and that the case be remanded to the Commissioner under Sentence

Six of 42 U.S.C. § 405(g). (Doc. 12). On July 8, 2011, District Judge Mark Goldsmith adopted that recommendation. (Doc. 15).

On July 28, 2011, Plaintiff's counsel moved for attorney fees under the Equal Access to Justice Act ("EAJA"). (Doc. 16). Upon referral (Doc. 18) Magistrate Judge Binder entered a recommendation that attorney fees not be granted under EAJA, because that motion was premature, as a remand under Sentence Six of 42 U.S.C. § 405(g) is not a ruling on the substantive merits of the case, and because final judgment had not yet been entered. (Doc. 19). On October 28, 2011, District Judge Goldsmith adopted that recommendation. (Doc. 20).

On January 29, 2015, the Commissioner filed the instant motion for entry of judgment. (Doc. 22). The case was reassigned to the undersigned magistrate judge, and the Commissioner's motion was referred to me on December 20, 2016. (Doc. 23).

### B. Analysis

The Commissioner argues that entry of final judgment is now appropriate. (Doc. 22). She asserts that the Court retained jurisdiction over this matter following its Sentence Six remand, and that the Court may enter judgment following post-remand administrative proceedings. (*Id*. at 1-2 citing *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)). The Commissioner further asserts that an administrative law judge entered a decision favorable to Rios on October 24, 2014, that the time for appeal or reconsideration of that decision has passed, and that the case is now concluded. (*Id*. at 2).

The Commissioner attaches to her motion a copy of the ALJ's "fully favorable" October 24, 2014, decision, which provides that the time for "fil[ing] your written exceptions with the Appeals Council" is "within 30 days of the date you get this notice." (Doc. 22 Ex. 1). Further, the Appeals Council may review an ALJ's decision on its own accord, but such review must occur "within 60 days after the date of the decision." (*Id.*). Nearly two years have passed since the ALJ's fully favorable decision was issued, and neither Rios nor the Appeals Council appears to have objected to the ALJ's decision. Rios has not responded to the Commissioner's motion for entry of judgment, and the time for doing so has passed. Rios' claims having been resolved in a manner fully favorable to her, and with no issues remaining to be decided at this time, entry of final judgment pursuant to Federal Rule of Civil Procedure 58 is appropriate.

    **C.**    **Conclusion**

For the reasons above, **IT IS RECOMMENDED** that the Commissioner's motion for entry of final judgment (Doc. 22) be **GRANTED**.

**III.**    **REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S.

140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 28, 2016        S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: November 28, 2016        By s/Kristen Castaneda
Case Manager

4